CHARLES H. TOURTELLOTT *vs.* THOMAS POLLARD.

Piscataquis.    Opinion February 20, 1883.

*Sale.    Contract.    Fraud.*

A exchanged horses with B, then B exchanged with C without notice to C of any infirmity of title. It turned out that B did not own the horse he let A have, and A had to give him up to the true owner. Then A sought to reclaim from C the horse he (A) let B have; *Held,* That C's title to the horse was good against the claim of A.

ON REPORT.

Replevin of a sorrel mare.    Writ dated May 3, 1880.

Plea, general issue, with brief statement claiming property in the defendant.    The opinion states the facts.

*Joseph B. Peaks,* for the plaintiff.

*A. G. Lebroke, and Willis E. Parsons, and C. A. Everett,* for the defendant.

PETERS, J.    This case lies within a narrow compass, although much immaterial matter is connected with it.

The defendant bought the horse in question of William Orcutt, in good faith and without notice of any defect of title, paying Orcutt full value therefor. Orcutt had purchased the horse of one Bowden, giving to Bowden in exchange a horse which, it turns out, Orcutt did not own. The consideration, therefore, for the trade between Orcutt and Bowden failed. To retrieve his loss, Bowden undertook to rescind his sale to Orcutt, who had sold to the defendant, by selling the same horse to the plaintiff. Then the plaintiff replevied the horse from the defendant.

This attempt at rescision does not succeed. When Bowden sold his horse to Orcutt, for a supposed consideration, he thereby legally authorized Orcutt to sell the horse to any person who might innocently purchase the same. Trusting Orcutt with the title of his horse, he is bound by any sale by Orcutt to an innocent vendee. It makes no difference whether Orcutt paid to Bowden a valid consideration, or any consideration, or not. And the result would be the same, even if the title had been fraudulently obtained from Bowden by Orcutt; if in fact obtained. The facts bring the case under the familiar and general rule of law, that an innocent purchaser of goods for a valuable consideration, of a vendee, obtains a good title against the first vendor. He has the superior equity. *Neal* v. *Williams*, 18 Maine, 391; *Dilson* v. *Randall*, 33 Maine, 202; *Titcomb* v. *Wood*, 38 Maine, 561.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.